## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| **ELIZABETH A.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 20-1711** |
| **v.** | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM OPINION GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Elizabeth A. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 13).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**, Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) are **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On July 27, 2016, Plaintiff filed an application for DIB, alleging disability beginning on August 12, 2012.  R. at 17.  After the Commissioner denied Plaintiff's claim initially and on reconsideration, she requested a hearing.  R. at 17.  On March 25, 2019, Administrative Law Judge ("ALJ") Henry Kramzyk held a hearing where Plaintiff and a vocational expert ("VE") testified.  R. at 35-77.  The ALJ thereafter found on May 24, 2019, that Plaintiff was not disabled from August 12, 2012, through the date last insured of December 31, 2017.  R. at 14-34.  In so finding, the ALJ found that, through the date last insured, Plaintiff had not engaged in substantial, gainful activity since August 12, 2012, and that she had severe impairments.  R. at 19-21.  Through the date last insured, however, she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 21-22.

The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) except she can lift and/or carry 10 pounds occasionally and lesser weights frequently.  She was able to sit for six hours in an eight-hour workday and stand and/or walk for a total of two hours in an eight-hour workday.  [Plaintiff] was able to occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.  She was able to occasionally balance or stoop, but never crouch, kneel, or crawl.  [Plaintiff] needs to use a cane to ambulate.  She needed to avoid all exposure to wetness including wet slippery uneven surfaces.  [Plaintiff] needed to avoid all exposure to hazards such as dangerous machinery and unprotected heights.

R. at 22.[2]

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. § 404.1567(a).  "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and

The ALJ also reviewed Plaintiff's testimony before discrediting her subjective complaints:

> At the hearing, [Plaintiff] testified to nerve pain on her left stump that made it difficult for her to wear a prosthetic. She also reported pain in her right leg with extended periods of standing or walking, right ankle swelling, left knee pain, lower back pain due to a sciatic nerve in her lumbar spine, arthritis in her hands, and vision issues. Due to a combination of her impairments and pain, [Plaintiff] stated she could only lift and carry five pounds, walk five minutes before needing to take a break, stand five to nine minutes before needing to sit down, and sit ten to fifteen minutes before needing to switch positions. She also reported using a cane while ambulating for over ten years. In terms of treatment, [Plaintiff] reported she was prescribed medication that helped somewhat with her pain, but also caused side effects including fatigue, loss of appetite, and social isolation tendencies.

R. at 23.

The ALJ found that Plaintiff's allegations regarding the severity of her symptoms were inconsistent with the objective medical evidence of record. R. at 23-25. The ALJ then compared Plaintiff's allegations with her activities of daily living:

> [Plaintiff's] allegations regarding the severity of her symptoms are inconsistent with her activities of daily living. [Plaintiff] reported living with her husband, children, and her children's godmother. She reported needing assistance from others with household chores and personal care activities. Nevertheless, [Plaintiff] admitted having a valid driver's license and driving on a regular basis during the period at issue. She also admitted going out to restaurants to eat meals with friends and family. Prior to her date last insured expiring, [Plaintiff] reported she used a computer and smartphone to look up information and send emails.
>
> [Plaintiff] also acknowledged travelling on a regular basis from her alleged onset date through her date last insured. She reported living with her husband who is stationed in Colorado while her children are in school, and travelling back to Maryland during the summer and school breaks. After questioning about remarks regarding travel in the medical evidence, [Plaintiff] acknowledged spending a couple [of] months in Nicaragua in 2014 visiting friends. She admitted that her youngest son was born while she was in Nicaragua and that she was able to take care of him, getting some assistance from family

standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

members when she was back in the U.S.  As mentioned above, [Plaintiff] declined
a regimented course of physical therapy appointments citing childcare issues that
made it difficult for her to attend appointments, indicating [Plaintiff] was capable
of managing household tasks and caring for her children at least part of the time
after her alleged onset date.  While she reported difficulty lifting her son once he
reached the weight of 30 pounds, [Plaintiff] admitted she was still capable of
doing the grocery shopping with her ten-year-old daughter in tow.  Ultimately, the
undersigned finds [Plaintiff's] activities of daily living lend further support to a
finding she is capable of work within the confines of the [RFC].

R. at 25 (citations omitted).

In light of the RFC assessment and the VE's testimony, the ALJ found that Plaintiff could

perform her past relevant work as an outpatient receptionist.  R. at 26-27.  In the alternative, the

ALJ found that Plaintiff could perform other work in the national economy, such as an order

clerk, charge account clerk, or document preparer.  R. at 27-28.  The ALJ thus found that

Plaintiff was not disabled from August 12, 2012, through December 31, 2017.  R. at 28.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on June 10,

2020, a complaint in this Court seeking review of the Commissioner's decision.  Upon the

parties' consent, this case was transferred to a United States Magistrate Judge for final

disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties

have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment that can

be expected to result in death or that has lasted or can be expected to last for a continuous period

of not less than twelve months.   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R.

§§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."   42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.   20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. §§ 404.1522(b), 416.922(b).   These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.   20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.   20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).   The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).   The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.   *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

---

appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.

*See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ applied an erroneous standard in evaluating her subjective complaints. Pl.'s Mem. Supp. Mot. Summ. J. 6-14, ECF No. 12-1. She also maintains that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), and failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work by failing to evaluate properly the combination of her impairments. *Id.* at 15-19. For the following reasons, Plaintiff's contentions are unavailing.

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

Plaintiff first asserts that the ALJ applied an improper standard in evaluating her subjective complaints of pain.  She contends that the ALJ "erroneously required [her] to prove the type and degree of her subjective complaints by objective medical evidence, and determined that she had not done so." *Id.* at 9.  The Fourth Circuit recently reiterated the standard used by ALJs to evaluate a claimant's symptoms:

> When evaluating a claimant's symptoms, ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016).  First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms.
>
> Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.  At this step, objective evidence is *not* required to find the claimant disabled.  SSR 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques."  Thus, the ALJ must consider the entire case record and may "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them.

*Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (alteration in original) (citations omitted).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  R. at 23.  The ALJ found that Plaintiff's "allegations regarding the severity of her symptoms are inconsistent with the objective medical evidence of record that reveals [Plaintiff] has some limitations due to her impairments, but [she] is capable of work within the confines of the [RFC]."  R. at 23.  The ALJ also considered Plaintiff's testimony that she had used a prosthetic

leg and cane for fourteen years, before her alleged onset date of disability; the opinion evidence in the record; and her activities of daily living, including caring for her children, shopping for groceries with her daughter, and traveling domestically and internationally. R. at 23, 25-26. "In sum, the undersigned has considered [Plaintiff's] allegations of impairments and associated functional limitations but does not find them to be persuasive." R. at 26. "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Plaintiff's] alleged symptoms with objective evidence as just one component of the assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at \*2 (D. Md. Feb. 8, 2021) (citation omitted). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Plaintiff's] symptoms, [her] argument is without merit." *Id.*

Plaintiff argues that the ALJ erroneously evaluated her daily activities in assessing her subjective complaints. Pl.'s Mem. Supp. Mot. Summ. J. 11-13, ECF No. 12-1. "An ALJ must consider all relevant factors when evaluating a Plaintiff's symptoms. If the ALJ had rejected [Plaintiff's] subjective complaints merely because of [her] activities of daily living, this case would be subject to remand." *Jai P.*, 2021 WL 424469, at \*3 (citation omitted) (citing *Arakas*, 983 F.3d at 101). "But a review of the ALJ's decision makes clear that the ALJ considered [Plaintiff's] activities of daily living as just one factor relevant to the evaluation of [her] subjective complaints." *Id.*; *see Jones v. Saul*, No. 2:20-CV-00437, 2021 WL 1015821, at \*13 (S.D.W. Va. Feb. 23, 2021), *report and recommendation adopted*, No. 2:20-CV-00437, 2021 WL 1015896 (S.D.W. Va. Mar. 16, 2021). In any event, contrary to Plaintiff's assertion, the ALJ considered the type of activities she could perform as well as the extent to which she could perform them (see Def.'s Mem. Supp. Mot. Summ. J. 9-11, ECF No. 13-1 (citing R. at 23,

25-26)).  *See Prudich v. Saul*, Civil Action No. 1:20-00019, 2021 WL 933864, at *7 (S.D.W. Va. Mar. 11, 2021) ("The ALJ was required to evaluate the consistency of [the claimant's] statements with the record and to explain her findings sufficiently.  She did so.  She did not merely list minimal, basic activities.  Rather, she found that being able to do things like take multiple trips to Florida, care for a toddler two days a week, exercise, and attend meetings was inconsistent with plaintiff's description of her symptoms."); *Sykes v. Berryhill*, No. 2:16CV593, 2017 WL 4401480, at *10 (E.D. Va. Aug. 25, 2017) ("But not only has [the claimant] exhibited essentially normal gait and motion, he has routinely travelled to medical appointments without assistance, and he endured a lengthy international flight to Ethiopia for apparently discretionary travel.  As late as 2016, [the claimant] was planning additional international travel, including a trip to Saudi Arabia and return to Ethiopia.  These facts contradict his claim that he cannot sit for more than twenty to thirty minutes because of the pain." (footnote and citations omitted)), *report and recommendation adopted*, No. 2:16CV593, 2017 WL 4381682 (E.D. Va. Oct. 2, 2017). Also contrary to Plaintiff's argument, the ALJ did explain how she would be capable of sustaining work-related activities for eight hours per day and five days per week.  *See* Def.'s Mem. Supp. Mot. Summ. J. 11-12, ECF No. 13-1 (citing R. at 24-25).  In doing so, the ALJ built "an accurate and logical bridge from the evidence to his conclusion."  *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Plaintiff finally argues that the ALJ failed to address properly the combination of her impairments.  Pl.'s Mem. Supp. Mot. Summ. J. 15-19, ECF No. 12-1.  Because the Court finds that the ALJ did so (see R. at 19-26), Plaintiff's contention in this regard is unavailing as well. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865-66 (4th Cir. 2014).

Again, the Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ.  *Hancock*, 667 F.3d at 472.  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the Court defers to the ALJ's decision.  *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020).  Because substantial evidence in the record supports the ALJ's decision, the Court affirms the Commissioner's final decision.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.  Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment and alternative motion for remand are **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

**V**

**<u>Conclusion</u>**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.  Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) are **DENIED**.  The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: May 26, 2021

                                                                        /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge